# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **ROBERT W. NORMAN, JR.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: 3: 11-CV-421 |
| ) | |
| **ARS NATIONAL SERVICES,** ) | |
| **INC. and LVNV FUNDING** ) | |
| **LLC,** ) | <u>Jury Trial Demanded</u> |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

1

## PARTIES

4. Plaintiff Robert W. Norman, Jr. (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant ARS National Services, Inc. (hereinafter "Defendant ARS") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process in Tennessee as follows: Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

6. Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process as follows: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Walmart, in the amount of $1,904.84.

8. On February 3, 2010, Plaintiff sought protection from his creditors by filing a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Tennessee. See copy of Docket Report dated August 6, 2011 for Case No. 3:10-bk-30407 filed as Exhibit 1 to this Complaint ("Doc. 1-1"), p. 1, Doc. # 1.

9. In the schedules filed with the petition in Plaintiff's bankruptcy case and on the master mailing matrix filed with the Clerk of the Bankruptcy Court, Defendant LVNV was listed as a creditor to be provided notice of the bankruptcy filing.

10. Upon the Plaintiffs filing for protection under Chapter 7 of the Bankruptcy Code, the Bankruptcy Court notified Defendant LVNV, along with Plaintiff's other listed creditors, through the Bankruptcy Court Clerk, that Plaintiff's case had been filed.

11. The notice from the Bankruptcy Court clerk also provided Defendant LVNV notice that Justin A. Brackett represented Plaintiff with respect to the debt.

12. Plaintiff's meeting of creditors was held on March 9, 2011. See, Doc. 1, p. 3, Doc. # 16.

13. No creditors filed an objection to Plaintiff obtaining a discharge of his personal liability as to any of his listed debts.

14. A discharge of Plaintiff's personal liability for the debts listed in his bankruptcy case was entered by the Bankruptcy Court on May 17, 2010 pursuant to 11 U.S.C. § 524, and a copy of the discharge was sent to Defendant LVNV, along with Plaintiff's other listed creditors, on or about May 19, 2010. See, Doc. 1, p. 4, Docs. # 19 and 20, respectively.

15. Despite the inclusion of the alleged debt in Plaintiff's Chapter 7 and notice of the filing and discharge being provided to Defendant LVNV, sometime prior to September 1, 2010, Plaintiff's debt was assigned or transferred by Defendant LVNV to Defendant ARS for collection from Plaintiff.

16. The FDCPA bars debt collectors from communicating with third parties other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, except under certain very limited circumstances enumerated by statute, i.e., acquiring the consumer's "location information". 15 U.S.C. §§ 1692a(7), 1692c(b) and 1692b.

17. Despite this prohibition and despite knowing Plaintiff's home address, home telephone number and place of employment, Defendants sent a communication to Plaintiff in connection with the collection of the debt claiming to communicate "with their affiliated financial services companies

in connection with administering and collecting accounts" when, under the FDCPA, they clearly could not legally do so.

18. On information and belief, Defendants do not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

### *September 1, 2010 Collection Letter and Privacy Notice*

19. Within a year prior to the filing of this Complaint, on or about September 1, 2010, Defendant ARS sent a collection letter dated September 1, 2010 to Plaintiff.

20. The September 1, 2010 collection letter from Defendant ARS was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21. The September 1, 2010 collection letter stated that (a) Defendant ARS's client and the current creditor on the account was Defendant LVNV, (b) the last four digits of Defendant LVNV's account were 8495, (c) the last four digits of Defendant ARS's account were 1527, and (4) Plaintiff owed a balance of $1,904.84.

22. The September 1, 2010 collection letter further stated that:

> "Associated Recovery Systems will accept $1142.90 (40% below the account balance) as settlement of the above referenced account. You can now resolve this account quickly and privately by using our secure website.
> . . .

> Upon receipt of cleared funds, Associated Recovery Systems and our client will consider this account settled."

23. The September 1, 2010 collection letter also stated that:

   > "**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**"

   (All bold capital letters in original)

24. The demand for payment by the Defendants after the entry of discharge of the debt by the Bankruptcy Court was a false statement in the sense that it asserts that Plaintiff was personally liable for the money due to Defendant LVNV, although, because of the discharge injunction under 11 U.S.C. § 524, he was not.

25. When Defendant LVNV assigned or transferred the debt to Defendant ARS for collection from Plaintiff, it had actual knowledge that Plaintiff's personal liability for the money due to Defendant LVNV had been discharged in a bankruptcy case.

26. Prior to sending the September 1, 2010 collection letter, Defendant ARS failed to inquire of Defendant LVNV as to whether Plaintiff's personal liability for the money due to Defendant LVNV had been discharged in a bankruptcy case.

27. Any procedures maintained (i.e., actually employed or implemented) by Defendants to avoid errors under the FDCPA failed to avoid communicating with Plaintiff in connection with the collection of the debt and in an attempt to collect the debt when Defendants had actual knowledge that Plaintiff's personal liability for the debt had been discharged in a Chapter 7 bankruptcy case.

28. Any procedures maintained (i.e., actually employed or implemented) by Defendant ARS to avoid errors under the FDCPA failed to avoid communicating with Plaintiff in connection with the collection of the debt and in an attempt to collect the debt without first inquiring of Defendant LVNV whether Plaintiff's personal liability for the debt had been discharged in a bankruptcy case.

29. The making of the false statement that the money is due to Defendant LVNV by Plaintiff when his personal liability for the debt had been discharged, was in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount, or legal status of any debt is a the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, and the use of any false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10).

30. By communicating with Plaintiff in connection with the collection of the debt and in an attempt to collect the debt when Defendants had actual knowledge that Plaintiff's personal liability for the debt had been discharged in a bankruptcy case, Defendants threatened to take action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5), and the threat to take action that cannot legally be taken is a false, deceptive, or misleading representation or means in connection with the collection of the debt and in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

31. In the same envelope as the collection letter was a second document on Defendant ARS's letterhead, titled "**PRIVACY NOTICE"** and stated that it was being given on behalf of Defendant LVNV and its affiliates (hereinafter "the Privacy Notice").  (all bold and underline in original)

32. The Privacy Notice was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

33. Defendant LVNV's Privacy Notice mailed by Defendant ARS contains the following statements in pertinent part:

**Information We May Collect**.  The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, <u>such as your name, address, social security number, and assets</u>; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, <u>such as your income and payment history</u>; (3) information that we receive from consumer reporting agencies, <u>such as your creditworthiness and credit history</u>, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".    (Bold and underline in original) (emphasis added)

. . .

> **Sharing Collected Information with Affiliates and Third Parties**
>
> **Sharing With Affiliates**.
>
> From time to time, the Sherman Companies may share collected information about customers and former customers <u>with each other and with their affiliated financial services companies in connection with administering and collecting accounts</u>. (Bold and underline in original) (emphasis added)

34. The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

35. For that reason, without the prior consent of the consumer given directly to the Defendants, they may not communicate with any other person in connection with the collection of the debt, except Plaintiff, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

36. When Defendants communicated the threat to Plaintiff that they were going to communicate with third parties outside the list enumerated by the FDCPA, they were already aware of all three items of information that are included in the

definition of "location information" – where he lived, his telephone number where he lived, and his place of employment.

37. The statement that Defendants communicate with other parties outside of the parties enumerated under the FDCPA is misleading and deceptive.

38. It misleads the least sophisticated consumer into believing that third parties may be contacted and asked to provide information concerning the Plaintiff other than "location information", when the FDCPA forbids such third party contact.

39. It misleads the least sophisticated consumer into believing that Defendants may provide "nonpublic personal information", including the fact that Plaintiff owes a debt to Defendant, when the FDCPA forbids such disclosure.

40. Any procedures maintained (i.e., actually employed or implemented) by Defendants to avoid errors under the FDCPA failed to avoid communicating threats to Plaintiff that they were going to communicate with third parties outside the list enumerated by the FDCPA when they were already aware of all three items of information that are included in the definition of "location information".

41. If false, the statement that Defendants communicates, in connection with collection of the debt, with third parties outside of the parties enumerated under the FDCPA in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), and

1692c(b), is misleading and deceptive in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

42. If true, the third party contact is patently unlawful.

### *Communicating with Plaintiff When He Was Represented by an Attorney*

43. Despite being made aware of Mr. Brackett's representation of the Plaintiff by the Bankruptcy Court, Defendant LVNV failed to contact Mr. Brackett to inquire about his continued representation of the Plaintiff, prior to the debt being assigned or transferred by Defendant LVNV to Defendant ARS for collection from Plaintiff.

44. Despite being made aware of Mr. Brackett's representation of the Plaintiff, Defendant LVNV failed to provide Mr. Brackett an opportunity to respond within a reasonable period of time to a communication from Defendant LVNV regarding his continued representation of Plaintiff.

45. Mr. Brackett never consented to direct communication with the Plaintiff by Defendant LVNV or its agents in connection with collection of the debt.

46. When Defendant LVNV assigned or transferred the debt to Defendant ARS for collection from Plaintiff, it had actual knowledge that Plaintiff was represented by an attorney with respect to the debt.

47. Prior to sending the September 1, 2010 collection letter, Defendant ARS failed to inquire of Defendant LVNV as to whether Plaintiff was represented by an attorney with respect to the debt.

48. Any procedures maintained (i.e., actually employed or implemented) by Defendants to avoid errors under the FDCPA failed to avoid communicating with Plaintiff in connection with the collection of the debt and in an attempt to collect the debt when Defendants had actual knowledge that Plaintiff was represented by an attorney with respect to the debt.

49. Any procedures maintained (i.e., actually employed or implemented) by Defendant ARS to avoid errors under the FDCPA failed to avoid communicating with Plaintiff in connection with the collection of the debt and in an attempt to collect the debt without first inquiring of Defendant LVNV whether Plaintiff was represented by an attorney with respect to the debt.

50. By communicating with Plaintiff directly in connection with the collection of the debt when Defendants had actual knowledge that Plaintiff was represented by an attorney with respect to the alleged debt, Defendants violated 15 U.S.C. § 1692c(a)(2), and this communication is a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and

1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *Respondeat Superior Liability*

51. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant ARS and any other debt collectors hired as agents by Defendant LVNV and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of its agency relationship with its principals, Defendant LVNV.

52. The acts and omissions by Defendant ARS and any other debt collectors hired as agents by Defendant LVNV and who communicated with Plaintiff as more further described herein, were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by Defendant LVNV in collecting consumer debts.

53. By committing these acts and omissions against Plaintiff, Defendant ARS and any other debt collectors hired as agents by Defendant LVNV and who communicated with Plaintiff as more further described herein, were motivated to benefit its principal, Defendant LVNV.

54. Defendant LVNV is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as

agents by Defendants including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

*Summary*

55. The above-detailed conduct by Defendants and their agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

56. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

57. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

58. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

59. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper.

08/31/11  Respectfully submitted,

**ROBERT W. NORMAN, JR.**

/s/  Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com


/s/  Justin A. Brackett
Justin A. Brackett, Esq., BPR # 024326
Brackett & Strunk, PLLC
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868
consumerbk@comcast.net